UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERRY L. GIBSON,

       Petitioner,

v.

TONY TRIERWEILER,

       Respondent.

_____/

Case No. 1:17-cv-838

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.      **Factual allegations**

Petitioner Jerry L. Gibson is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. On May 6, 2015, a Genessee County Circuit Court jury, found Petitioner guilty of armed robbery, MICH. COMP. LAWS § 750.529, and resisting arrest, MICH. COMP. LAWS § 750.81d(1). On June 15, 2015, the court sentenced Petitioner as a habitual offender, second-offense, MICH. COMP. LAWS § 769.12, to concurrent prison terms of 25 to 50 years for armed robbery and 5 to 15 years for resisting arrest. On August 29, 2017, Petitioner filed his habeas corpus petition raising two grounds for relief, as follows:

> I.      The armed robbery statute requires that the prosecutor submit objective evidence of the existence of a dangerous weapon used during the robbery, subjective fear that the robber might be armed, standing alone, is insufficient as a matter of law. Only a subjective fear was proven at this trial. Under the Due Process Clause of both our state and federal constitutions, the armed robbery conviction is not supported by sufficient evidence and must be vacated. Defendant should be resentenced on an unarmed robbery conviction.
>
> II.     The [Michigan] Legislature's 25-year mandatory minimum for certain habitual offenders, MICH. COMP. LAWS § 769.12(1)(a), violates the Separation of Powers Clause.

(Pet., ECF No.1, PageID.5-7.)

The facts underlying Petitioner's conviction are essentially undisputed for purposes of the habeas petition. The Michigan Court of Appeals summarized those facts as follows:

> This case stems from a robbery that occurred at a Save-A-Lot store in Flint, Michigan. Deshaun Frazier, a store employee, was ringing up a customer's merchandise at the register when he noticed a man, wearing a black hat and a black hooded sweatshirt, standing near one of the refrigerators and staring at him. When Frazier saw that the man was approaching the cash register, he tried to rush through the customer's transaction so that he could close the register drawer as soon as possible. Before Frazier was able to close the drawer, however, the man grabbed the drawer and took out cash totaling $96. Frazier testified that, immediately before

grabbing the cash, the man ordered him to "get back," pushed Frazier back with his left forearm, and "with his other hand, he made a—he made a reach like he had a weapon." The police were called after the robber left the store with the money.

Shortly thereafter, two Michigan State Police Troopers saw a man matching the robber's description walking down the street. When the troopers turned their patrol car around and drove toward him, the suspect ran off. Trooper Steven Fisher got out of the patrol car and chased the man on foot. When the suspect saw Fisher, Fisher twice identified himself as a police officer and yelled for the suspect to stop, but the man turned and ran in the opposite direction. Fisher eventually apprehended the suspect, who was hiding behind a bush. Upon his arrest, Fisher found a 10 or 11-inch knife in the suspect's right, rear pocket, and discovered $96 in cash in his front pocket. Immediately after being advised that he was being arrested for armed robbery, defendant stated, "How do you know he didn't give that to me," and "I didn't pull a weapon on him." At trial, a customer who observed the robbery identified defendant as the man who robbed the store. In addition, Fisher identified defendant as the man he apprehended.

*People v. Gibson*, No. 327748, 2016 WL 6139105 at *1 (Mich. Ct. App. Oct. 20, 2016).

After Petitioner's conviction, his appointed appellate counsel filed a motion for directed verdict of acquittal in the Genessee County Circuit Court, raising the same issues he raises in this petition. The circuit court denied relief by order entered December 14, 2015. Petitioner then raised those issues, to no avail, in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Court of Appeals issued an unpublished decision affirming Petitioner's convictions and sentences on October 20, 2016. The Michigan Supreme Court denied Petitioner's application for leave to appeal on May 2, 2017.

II.     **AEDPA standard**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any

3

claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood

and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### A. The sufficiency of the armed robbery evidence

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401 02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements

of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier of fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier of fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency of the evidence grounds. *Id*. at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

In this instance, Petitioner's challenge is not focused on what the evidence demonstrated; rather, the challenge is directed toward what elements must be demonstrated under state law to establish armed robbery. Petitioner contends the evidence must show "objective evidence of the existence of a dangerous weapon used during the robbery . . . ." (Pet., ECF No.1, PageID.5.)

The Michigan Court of Appeals disagreed. The court of appeals concluded that the evidence would suffice to demonstrate armed robbery if it showed any one of several possible connections of a weapon to the robbery including that Petitioner (1) in the course of committing the larceny possessed a dangerous weapon or (2) represented orally or otherwise that he or she was in possession of a dangerous weapon. *Gibson*, 2016 WL 6139105 at *2. The court of appeals

6

determined that there was sufficient evidence that Petitioner possessed a weapon in the course of committing the larceny:

> [T]he evidence was sufficient to allow a rational jury to conclude that defendant actually possessed a dangerous weapon during the incident. Frazier testified that the police arrived approximately 15 minutes after the incident occurred, and Fisher testified that he located defendant in the area immediately surrounding the Save–A–Lot approximately 15 minutes after receiving the dispatch call. Fisher explained that when he apprehended defendant, he found a "knife sticking out of his right rear pocket." Fisher estimated that the knife had a four-inch handle and a blade that was six or seven inches long. The knife was sufficient to constitute a dangerous weapon for purposes of the armed robbery statute. *See People v. Banks*, 454 Mich 469, 473; 563 NW2d 200 (1997) (noting that an armed robbery occurs if a robber possesses "an article which is in fact a dangerous weapon—a gun, a knife, bludgeon, etc...."). Defendant argues that he did nothing to indicate that he had a knife during the robbery and that no one actually saw a weapon during the incident. However, to convict defendant of armed robbery, the jury needed only to find beyond a reasonable doubt that defendant was armed with a dangerous weapon—not that he brandished or used the weapon in a threatening manner. *See People v. Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007); MCL 750.529.

*Gibson*, 2016 WL 6139105 at *3-4. The court also determined that the record contained sufficient evidence that Petitioner had otherwise represented that he was in possession of a weapon:

> In the present case, the record contained sufficient evidence to allow a rational jury to conclude beyond a reasonable doubt that defendant both "otherwise" represented that he possessed a dangerous weapon and that he actually possessed a dangerous weapon during the incident. MCL 750.529. Frazier testified that defendant approached the cash register, told Frazier to "get back," pushed Frazier back with his left forearm, and "with his other hand, [defendant] made a—he made a reach like he had a weapon." Frazier explained that defendant reached for his waist on his right side at the same time that he said, "[G]et back," and Frazier demonstrated for the jury the manner in which defendant reached for his waist. Viewed in a light most favorable to the prosecution, the evidence that defendant reached his right hand toward his waist "like he had a weapon," while ordering the victim to "get back," was sufficient to allow the jury to conclude beyond a reasonable doubt that defendant "otherwise" represented that he had a dangerous weapon during the robbery.

*Gibson*, 2016 WL 6139105 at *3.

It is the prerogative of the state to define the crime of armed robbery however it sees fit. *See Foucha v. Louisiana*, 504 U.S. 71, 96 (1992) (acknowledging "the general rule that

7

the definition of both crimes and defenses is a matter of state law . . . ."); *Gimotty v. Elo*, 40 F. App'x 29, 32 (6th Cir. 2002) ("States are free to define the elements of, and defenses to, crimes. . . ."). It is not the province of a federal habeas court to re-examine state-law determinations on state-law questions. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'").

Petitioner does not contest the court of appeals' determinations that the evidence was sufficient to establish that (1) he possessed a dangerous weapon--the knife--during the robbery OR (2) that he represented he was in possession of a dangerous weapon, as described by the Michigan appellate court. Instead, he contends the prosecutor must show that Petitioner "used" the weapon. As a matter of state law, that is simply not the case. The sufficiency issue as Petitioner has raised it is not cognizable on habeas review. Petitioner has failed to show that the Michigan Court of Appeals' determination of the sufficiency issue is contrary to, or an unreasonable application of, *Jackson*, the clearly established federal law regarding sufficiency of the evidence. He has further failed to show that the factual determinations upon which the Michigan Court of Appeals' decision is based are unreasonable. Accordingly, Petitioner is not entitled to habeas relief with regard to the sufficiency of the evidence.

### B. Statutory mandatory minimums do not violate the separation of powers doctrine

Petitioner next contends that application of the statutory mandatory minimum under the habitual offender statute violates the separation of powers doctrine. The Michigan Court of Appeals rejected Petitioner's claim under the Michigan Constitution:

> The separation of powers clause in the Michigan Constitution states that "[t]he powers of government are divided into three branches: legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." Const 1963, art 3, § 2. By enacting MCL 769.12(1)(a), the Legislature exercised its constitutional authority to provide penalties for criminal offenses. Const 1963, art 4, § 45; see also *People v. Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001) ("[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature."). Alternatively, "[t]he authority to impose sentences and to administer the sentencing statutes enacted by the Legislature lies with the judiciary." *Hegwood*, 465 Mich at 436–437. "However, this sentencing discretion is limited by the Legislature, which has the power to establish sentences." *People v. Conat*, 238 Mich.App 134, 147; 605 NW2d 49 (1999). Thus, although courts have authority to exercise discretion when imposing a sentence, the function of the courts is to impose a sentence within the bounds set by the Legislature. *Id*. The Legislature did not violate the separation of powers clause by limiting courts' sentencing discretion in certain circumstances involving habitual offenders. See *People v. Hall*, 396 Mich 650, 658; 242 NW2d 377 (1976) ("The separation of powers clause ... is not offended by the Legislature delegating sentencing discretion in part and retaining sentencing discretion in part."). Accordingly, defendant has not shown that MCL 769.12(1)(a) violates the separation of powers clause.

*Gibson*, 2016 WL 6139105 at *4-5. The state court's interpretation of the state constitution binds this Court. *Wainwright*, 464 U.S. at 84 (1983); *Stumpf*, 722 F.3d at 746 n.6. Thus, it is beyond dispute that the mandatory minimum sentence imposed under the habitual offender statute does not violate the Michigan Constitution's separation of powers doctrine.

To the extent Petitioner argues his mandatory minimum sentence violates the separation of powers doctrine of the federal constitution, his argument also fails. The Supreme Court has held "that the concept of separation of powers embodied in the United States

9

Constitution is not mandatory in state governments." *Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957) (citing *Dreyer v. Illinois*, 187 U.S. 71 (1901)). Thus, Petitioner cannot establish that the Michigan Court of Appeals' determination regarding the separation of powers doctrine is in any way contrary to, or an unreasonable application of, clearly established federal law.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: November 3, 2017                          /s/ Paul L. Maloney
                                                 Paul L. Maloney
                                                 United States District Judge